**GREGORY CHAIMOV, OSB # 82218**
gregorychaimov@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 SW Fifth Avenue, Suite 2300
Portland, OR 97201-5682
Telephone: 503-241-2300
Facsimile: 503-778-5299

   Attorneys for Plaintiff
   Linda Faye Simmons

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| LINDA FAYE SIMMONS,<br><br>     PLAINTIFF,<br><br>v.<br><br>MULTNOMAH COUNTY POLICE BUREAU, and POLICE OFFICER SHIRAHANA,<br><br>     DEFENDANTS. | Case No. 04-1651-AS<br><br>STIPULATED ORDER WITHDRAWING MOTION FOR SUMMARY JUDGMENT AND PERMITTING FILING OF AMENDED COMPLAINT |

   Pursuant to the stipulation of the parties below, it is hereby

   ORDERED as follows:

1.   Defendants' Motion for Summary Judgment (No. 21) is withdrawn; and

2.   Plaintiff may file an amended complaint in the form attached as Exhibit A.

   DATED this 23 day of June, 2006.

                              _____
                              Donald C. Ashmanskas, U.S. Magistrate Judge

Page 1 – **STIPULATED ORDER WITHDRAWING MOTION FOR SUMMARY JUDGMENT AND PERMITTING FILING OF AMENDED COMPLAINT**

IT IS SO STIPULATED:

DAVIS WRIGHT TREMAINE LLP

By /s/ Gregory A. Chaimov
Gregory A. Chaimov, OSB #82218
gregorychaimov@dwt.com
Telephone: 503-241-2300
Facsimile: 503-778-5299

    Attorneys for Plaintiff

/s/ David A. Landrum
David A. Landrum, OSB No. 95542
Deputy City Attorney
dlandrum@ci.portland.or.us
Telephone: 503-823-4047
Facsimile: 503-823-3089

    Attorneys for Defendants Portland
    Police Bureau and Officer Shirahama

Page 2 – **STIPULATED ORDER WITHDRAWING MOTION FOR SUMMARY JUDGMENT AND PERMITTING FILING OF AMENDED COMPLAINT**

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon 97201 · (503) 241-2300

PDX 1436591v1 88-88
Portland

**GREGORY A. CHAIMOV, OSB #82218**
gregorychaimov@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 SW Fifth Avenue, Suite 2300
Portland, Oregon 97201
Telephone: 503-241-2300
Facsimile: 503-778-5299

Attorneys for Plaintiff Linda Faye Simmons

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT PORTLAND

| | |
|---|---|
| **LINDA FAYE SIMMONS,**<br><br>    **PLAINTIFF,**<br><br>v.<br><br>**GRANT D. SHIRAHAMA and CITY OF PORTLAND,**<br><br>    **DEFENDANTS.** | Case No. 04-1651-AS<br><br>**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>(Civil Rights Violations: Excessive Force and Due Process) |

For her Amended Complaint against Defendants, Plaintiff alleges:

**JURISDICTION**

1. This action is brought pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free of unreasonable and excessive force and to be provided care when placed in a situation in which she cannot care for herself. This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. §§ 1331 and 1343 (1), (3), and (4).

2. This Court has pendent and supplemental jurisdiction over Plaintiff's state law

Page 1 – AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon 97201 · (503) 241-2300

EXHIBIT A
PAGE 1 OF 7

PDX 1438224v1 50022-390

claim for battery under 28 U.S.C. § 1367 and Fed. R. Civ. P. 18.

## PARTIES

3.  At all material times, Plaintiff was a resident of the city of Portland, Oregon.

4.  Defendant Grant D. Shirahama ("Shirahama") is a police officer who, at all material times, was acting under color of the law of the state of Oregon and within the scope of his employment and duties with the Portland Police Bureau of the city of Portland, Oregon.

5.  Defendant City of Portland ("City") is a municipal corporation duly organized under Oregon law and a public body liable for the tortuous conduct of its agents and employees pursuant to O.R.S. 30.260 (4) and 30.265(1).

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

6.  On September 25, 2004, in Portland, Oregon, Defendant Shirahama entered Plaintiff's home over Plaintiff's objection. Plaintiff was suffering from a medical condition that left her weak and unable to use a side of her body without considerable pain. Defendant Shirahama gained entry to Plaintiff's residence by, without warning, aggressively ramming Plaintiff's front door with his shoulder. In the process of entry, Defendant Shirahama struck Plaintiff with his body and the door, knocking Plaintiff to the floor.

7.  Defendant Shirahama's actions caused injury to Plaintiff for which she required medical attention.

8.  Defendant Shirahama failed to provide or arrange for medical attention to Plaintiff for the injuries he caused.

## FIRST CLAIM

(42 U.S.C. § 1983/Fourth Amendment Against Defendant Shirahama)

9.  Plaintiff realleges paragraphs 1 through 8.

10. Plaintiff has a protected liberty interest under the Fourth Amendment to the United States Constitution to be free of unreasonable and excessive force.

11. Plaintiff's Fourth Amendment rights were violated because Defendant Shirahama

EXHIBIT A
PAGE 2 OF

used unreasonable and excessive force to enter Plaintiff's home.

12. As a direct and proximate cause of Defendant Shirahama's use and application of unreasonable and excessive force against Plaintiff, Plaintiff has been damaged as follows:

    a. Plaintiff has sustained economic damages for necessary medical care in the amount of $2,500.

    b. Plaintiff has suffered physical and emotional pain, anxiety, humiliation and distress, to her non-economic damages in the amount of $500,000;

    c. Defendant Shirahama used and applied unreasonable and excessive force intentionally and demonstrated a wanton, reckless or callous indifference to the constitutional rights of Plaintiff warranting the imposition of punitive damages in the amount as the jury may consider appropriate to punish Defendant Shirahama for his wanton misconduct and to deter other City of Portland police officers from callously disregarding citizens' constitutional rights.

13. Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to recover her reasonable attorney's fees and litigation costs.

## SECOND CLAIM

(42 U.S.C. § 1983: Fourteenth Amendment Against Defendant Shirahama)

14. Plaintiff realleges paragraphs 1 through 8.

15. Plaintiff has a protected due process interest under the Fourteenth Amendment to the United States Constitution to reasonable care from a law enforcement officer who has harmed Plaintiff in a manner that prevents her from providing the care for herself.

16. Plaintiff's Fourteenth Amendment rights were violated because Defendant Shirahama failed to care for Plaintiff after injuring her.

17. As a direct and proximate cause of Defendant Shirahama's failure to care for Plaintiff after injuring her, Plaintiff has been damaged as follows:

    a. Plaintiff has sustained economic damages for necessary medical care in the amount of $1,000.

Page 3 – AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon 97201 · (503) 241-2300

EXHIBIT A
PAGE 3 OF 5

PDX 1438224v1 50022-390

b. Plaintiff has suffered physical and emotional pain, anxiety, humiliation, and distress, to her noneconomic damages in the amount of $250,000;

c. Defendant Shirahama's failure to care for Plaintiff after injuring her was intentional and demonstrated a wanton, reckless, or callous indifference to the constitutional rights of Plaintiff, warranting the imposition of punitive damages in the amount as the jury may consider appropriate to punish Defendant Shirahama for his wanton misconduct and to deter other City of Portland police officers from callously disregarding citizens' constitutional rights.

18. Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to recover her reasonable attorney's fees and litigation costs.

### THIRD CLAIM

(42 U.S.C. § 1983: Failure to Train and Supervise Against City of Portland)

19. Plaintiff realleges paragraphs 9 through 12.

20. Plaintiff's Fourth Amendment rights were violated because the Defendant City failed to properly and adequately:

a. Train Defendant Shirahama to avoid using excessive force when entering a residence; and

b. Supervise Defendant Shirahama to ensure that he would avoid using excessive force.

21. As a direct and proximate cause of the Defendant City's failure to properly train and supervise, Plaintiff has been damaged as follows:

a. Plaintiff has sustained economic damages for necessary medical care in the amount of $2,500;

b. Plaintiff has suffered physical and emotional pain, anxiety, humiliation, and distress, to her noneconomic damages in the amount of $500,000;

c. The Defendant City demonstrated a wanton, reckless, or callous indifference to the constitutional rights of Plaintiff, warranting the imposition of punitive

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon 97201 · (503) 241-2300

PDX 1438224v1 50022-390

EXHIBIT A
PAGE 4 OF 9

damages in the amount as the jury may consider appropriate to punish the Defendant City for this wanton misconduct and to deter the City from callously disregarding citizens' constitutional rights.

21. Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to recover her reasonable attorney's fees and litigation costs.

## FOURTH CLAIM

(42 U.S.C. § 1983/Failure to Train and Supervise Against City of Portland)

22. Plaintiff realleges paragraphs 14 through 17.

23. Plaintiff's Fourteenth Amendment rights were violated because the Defendant City failed to properly and adequately:

    a. Train Defendant Shirahama to provide care to a person whom Shirahama had injured and placed in a position of being unable to adequately provide necessary care for herself; and

    b. Supervise Defendant Shirahama to ensure that he would provide care to a person whom he had injured and placed in a position of being unable to adequately provide necessary care for herself.

24. As a direct and proximate cause of the Defendant City's failure to properly train and supervise, Plaintiff has been damaged as follows:

    a. Plaintiff has sustained economic damages for necessary medical care in the amount of $1,000;

    b. Plaintiff has suffered physical and emotional pain, anxiety, humiliation, and distress, to her noneconomic damages in the amount of $250,000; and

    c. The Defendant City demonstrated a wanton, reckless, or callous indifference to the constitutional rights of Plaintiff, warranting the imposition of punitive damages in the amount as the jury may consider appropriate to punish the Defendant City for this wanton misconduct and to deter the City from callously disregarding citizens' constitutional

Page 5 – AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

EXHIBIT ___
PAGE 5 OF ___

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon 97201 · (503) 241-2300

PDX 1438224v1 50022-390

rights.

25. Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to recover her reasonable attorney's fees and litigation costs.

### FIFTH CLAIM

(Battery Against Defendant City of Portland)

26. Plaintiff realleges paragraphs 9 through 11.

27. As a direct result of Defendant's use of excessive and unreasonable force, Plaintiff was deprived of her right under state law to be free of unwarranted, unlawful, unconsented, and unreasonable violations of her physical integrity, thereby causing the physical and emotional injuries and economic and noneconomic damages alleged in paragraph 12, subparagraphs a and b.

WHEREFORE, Plaintiff prays for judgment as follows:

1. On Plaintiff's First Claim, for judgment against Defendant Shirahama for economic damages of $2,500, noneconomic damages of $500,000, punitive damages in the amount that the jury considers appropriate, and for Plaintiff's reasonable attorney's fees;

2. On Plaintiff's Second Claim, for judgment against Defendant Shirahama for economic damages of $1,000 and noneconomic damages of $250,000, punitive damages in the amount that the jury considers appropriate, and for Plaintiff's reasonable attorney's fees;

3. On Plaintiff's Third Claim, for judgment against Defendant City of Portland for economic damages of $2,500 and noneconomic damages of $500,000, punitive damages in the amount that the jury considers appropriate, and for Plaintiff's reasonable attorney's fees;

4. On Plaintiff's Fourth Claim, for judgment against Defendant City of Portland for economic damages of $1,000 and noneconomic damages of $250,000, punitive damages in the amount that the jury considers appropriate, and for Plaintiff's reasonable attorney's fees;

Page 6 – AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon 97201 · (503) 241-2300

PDX 1438224v1 50022-390

EXHIBIT A
PAGE 6 OF 9

5. On Plaintiff's Fifth Claim, for judgment against Defendant City of Portland for economic damages of $1,000 and noneconomic damages of $250,000;

6. On all claims, for judgment against Defendants for Plaintiff's costs and disbursements incurred herein; and

7. For such other or further relief as the Court may deem equitable and just.

DATED this _____ day of June, 2006.

**DAVIS WRIGHT TREMAINE** LLP

By _____
**Gregory A. Chaimov**, OSB #82218
gregchaimov@dwt.com
Telephone: 503-241-2300
Facsimile:  503-778-5299

Attorneys for Plaintiff Linda Faye Simmons

Page 7 – AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

PDX 1438224v1 50022-390

EXHIBIT ___
PAGE ___ OF ___